IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CASEY OCONNOR, also known as
OCONNOR 91838 also known as
JAMES CASEY O'CONNOR also
Known as JAMES CASEY OCONNOR                                          PLAINTIFF

v.                             Civil No. 5:21-cv-05083

SHERIFF TIM HELDER, Washington County,
Arkansas; CHIEF DEPUTY JAMES CANTREL;
JAIL ADMINISTRATOR KELLY CANTREL;
PROSECUTOR CHLOE FACKLER; and
PROSECUTOR MEIKA HATCHER                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening of the Amended Complaint (ECF No. 12) under 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.      BACKGROUND

Plaintiff, Casey Oconnor,[1] currently an inmate of the Washington County Detention Center ("WCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 on May 7, 2021.   (ECF No. 1).   His application to proceed *in forma pauperis* was granted on June 3, 2021.   (ECF No. 6).

---

[1]Plaintiff has listed himself on the Complaint as Oconnor 91838. However, the records of the Washington County Detention Center list his name as Casey Oconnor. https://www.washingtoncountyar.gov/government/departments-f-z/sheriff/detention-information/detainee-roster-detailed (accessed May 6, 2021). Additionally, Plaintiff mentions a lawsuit he has, or had, pending in the Northern District of Texas, Dallas Division, Case No. 3:20-cv-3258-G-BN. The docket sheet in that case lists his name as James Casey O'Connor. However, in the documents filed by the Court, his name is noted to be James Casey OConnor. (*See e.g.*, ECF No. 6).

1

That same day the Court ordered Plaintiff to file an Amended Complaint to clarify his claims.[2] (ECF No. 8).  On June 21, 2021, Plaintiff filed an Amended Complaint.  (ECF No. 12).  He indicates he is a pretrial detainee.  *Id.* at p. 2.

Plaintiff names the following individuals as Defendants: Tim Helder, the Sheriff of Washington County; James Cantrel, a Chief Deputy at the WCDC; Kelly Cantrel, Jail Administrator of the WCDC; and Chloe Fackler and Meika Hatcher, prosecutors in Washington County.  (ECF No. 12).  He is asserting three separate claims against all Defendants in both their individual and official capacities.  *Id.* at pp. 4-9.  He is seeking compensatory and punitive damages and asks the Court to release him from custody.  *Id.* at p. 9.

In Claim 1, Plaintiff alleges all Defendants violated "the civil rights billed by the 1st, 4th, 5th, 6th, and 8th Amendments and guaranteed by the 14th Amendment to the Constitution…rights to petition, due process, public trial by jury, et cetera."  (ECF No. 12, p. 4).  He goes on to state:

> The Washington County Sheriff's office during the administration of Sheriff Tim Helder in cooperation with the Ellis County Sheriff's Office and the prosecutors Chloe Fackler and Meika Hatcher of the Washington County District Court through the unusual customs, policies, and procedures of these administrations have denied and violated the aforementioned civil rights beginning on 7-15-19, 10-15-19 and continuing through the present date by nearly two years of wrongful imprisonment in the custody of the defendants during the Corona Virus Pandemic with no way to petition for change, no due process of law, no fair, speedy, public trial by jury in over 20 months of custody now under excessive high bonds and unusual punishments imposed by the defendants upon the plaintiff through the unconstitutional and unusual MODUS OPERANDI of the defendants…

*Id.* at p. 5.  Plaintiff describes his official capacity claim as follows: "the unconstitutional and unusual customs, policies, and procedures or MODUS OPERANDI of the defendants through

---

2  In his original Complaint, Plaintiff also asserted claims against Sheriff Brad Norman, Former Sheriff Charles Edge, and Lieutenant William Coleman – each of whom reside in Ellis County, Texas.  (ECF No. 1).  The Court severed these claims and ordered the Clerk to open a separate case against these defendants and immediately transfer the case to the Northern District of Texas, Dallas Division.  (ECF No. 3).

which they have kept the plaintiff in custody for nearly two years without conviction and without

trial while imposing unusual punishments from which there have been no relief or administrative

remedies…".   *Id.*

In Claim 2, Plaintiff alleges all Defendants violated "the civil rights billed by the fifth,

sixth, and eighth and amendments to the Constitution…guaranteed by the Fourteenth Amendment

are…are being denied."   (ECF No. 12, p. 6).   He goes on to explain beginning in July of 2019

through the present date:

> For nearly two years in custody now during the administrations of Sheriff Tim
> Helder, the Chief Deputy and Administrator of the Washington County Sheriff's
> Office; James Cantrel and Kelly Cantrel, being personally related to the plaintiff
> and the immediate family members of the plaintiff having full knowledge that they
> are the plaintiff's close personal relatives have continued to keep the plaintiff in
> custody of the Washington County Sheriff's Office where there can be no fair,
> speedy, public trial by jury and the defendants impose excessive high bonds and
> unusual punishments upon the plaintiff.   During these 20 months of custody
> through the authority of the Washington County Sheriff's Office in cooperation
> with Chloe Fackler and Meika Hatcher, prosecutors in the Circuit Court of
> Washington County, Arkansas 4th Judicial District in Nos. 72CR-19-2719-6, 72CR-
> 19-2022-7, and 72CR-18-44-7, the aforementioned defendants have continued
> these wrongful actions by compromised and conflicted personal interests invested
> therein.

*Id.* at p. 6.   He describes his official capacity claims against Defendants as:

> the unusual customs, policies, and procedures or MODUS OPERANDI of the
> defendants as documented in OCONNOR vs. EDGE ET AL., No. 3:20-cv-03258-
> G-BN by which the Chief Officer and Administrator of the Washington County
> Sheriff's Office in cooperation with the prosecutor's office have kept the plaintiff
> in custody for two years without trial and having full knowledge that they are
> personally related to the plaintiff.

*Id.* at p. 7.

In Claim 3, Plaintiff alleges from July of 2019 through the present date, "as documented in

the pending civil rights lawsuit; OCONNOR VS EDGE ET AL., No. 3:20-cv-03258-G-BN in U.S.

3

District Court, Dallas Division: the civil rights billed by the 1st, 4th, 5th, 6th, 8th and 19th Amendments to the Constitution…are being violated and denied."   (ECF No. 12, p. 7).   He goes on to claim:

> After nearly two years of wrongful imprisonment in the custody of the defendants during the time of the Corona Virus Pandemic without being convicted and without trial and due process of law, having endured solitary confinement, injury, being shot with a T.A.S.E. pistol and other unusual punishments by the defendants while being ordered by Lieutenant William Coleman and others to 'file a grievance if you think it's wrong' and 'If you don't like it, write a grievance', the plaintiff now hereby proclaims the request systems, grievance policies and procedures, customs and/or MODUS OPERANDI of the defendants to be arbitrary, unusual, unconstitutional and an ongoing denial and violation of the civil rights billed by the 1st, 5th, 6th, and 8th Amendments to the U.S. Constitution and a denial of the rights guaranteed by the 14th Amendment to the Constitution…as documented in the pending related civil rights common suit in the U.S. District Court: OCONNOR vs EDGE ET AL., No. 3:20-cv-03258-G-BN.

*Id.* at p. 8.[3]   Plaintiff describes his official capacity claim as:

> the unconstitutional and unusual request and grievance systems, policies, procedures and customs or MODUS OPERANDI of the defendants from which there can be no relief and no administrative remedies are granted during the administration of the defendants which denies the civil rights to petition the government, to a fair and speedy public trial by jury, to due process of law, against unusual punishments and excessive bonds.

*Id.* at pp. 8-9.

Plaintiff's booking sheet indicates he was booked into the WCDC on March 31, 2021. The charges against him are listed as follows: 1) failure to pay fines and cost in the Prairie Grove District Court with a bond of $0.00; 2) two failure to appear charges in the Washington County Circuit Court with a bond of $50,000 on each charge; 3) two failure to appear charges in the West Fork District Court, with a bond of $2,955.00 on one of those charges and $0.00 on the other; and

---

3 As previously noted, Lieutenant William Coleman was terminated as a Defendant in this lawsuit because he resides in Ellis County, Texas.

4) one failure to appear charge in the Fayetteville District Court with a bond of $730.00.[4]   Plaintiff

has three pending criminal cases all in the Washington County Circuit Court:   1) 72CR-19-2719

involving a failure to appear charge; 2) 72CR-19-2022 involving a theft by receiving and failure

to appear charge; and 3) 72-CR-18-49 involving terroristic threatening, domestic battery, and

revocation charges.[5]

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being

issued.   The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks

monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible

on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal

---

[4] This information is publicly available on the WCDC website.
https://www.so.washington.ar.us/res/Detainee.aspx?bn=4226368 (accessed July 7, 2021).
[5] This information is publicly available on the criminal court docket sheets.
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_cpty.cp_personcase_details_idx (accessed July
7, 2021).

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### III.    DISCUSSION

#### A. Prosecutors Fackler and Hatcher

Plaintiff's claims against Defendants Fackler and Hatcher must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to

absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Plaintiff has failed to allege Defendants Fackler or Hatcher engaged in any conduct other than actions taken in connection with their duties as a prosecuting attorneys. Accordingly, Defendants Fackler and Hatcher are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit). Accordingly, Plaintiff's claims against these Defendants fail to state any claim as a matter of law.

### B. Excessive Bail

In Claims 1 and 2 Plaintiff mentions he was subjected to "excessive high bonds". (ECF No. 12, pp. 5-6). The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required." Likewise, Article 2, § 9 of the Arkansas Constitution provides that "[e]xcessive bail shall not be required." Bail is a conditional privilege designed to allow those awaiting trial to be released but "on an amount reasonably calculated to hold the accused available for trial." *Stack v. Boyle*, 342 U.S. 1, 8 (1951). It is the judge who determines bail. A judge's decision in setting bail is entitled to "great deference." *Harris v. United States*, 404 U.S. 1232 (1971). When setting bail in Arkansas, the judge considers the following factors: employment status, family relationships, past and present residence, character, the nature of the charges and likelihood of conviction, and the defendant's prior criminal record. Ark. R. Crim. P. 9.2. The amount of bail rests in the reasonable discretion of the trial court. *Foreman v.* State, 875 S.W.2d 853, 854 (1994).

As discussed above, Defendants Fackler and Hatcher - the prosecutors - are immune from

suit.   Because Defendants Tim Helder, James Cantrel, and Kelly Cantrel, were not involved in setting Plaintiff's bail, no claim is stated against them.   Plaintiff appeared before the Court and bail was set.   The fact that Plaintiff has been unable to post the bail is not the result of actions taken by the Defendants.   Plaintiff is advised that he may raise the issue of the excessiveness of his bail in state court by filing a motion for reduction of bail in the Washington County Circuit Court.   Plaintiff is entitled to no further process.   No plausible claim is stated.

### C.  Speedy Trial

In Claims 1 and 2 Plaintiff also mentions he has been denied his constitutional right to a speedy trial.   The remedy for alleged speedy trial violations is the filing of a motion to dismiss the charge in the appropriate court.   Ark. R. Crim. P. 28.1.   Therefore, Plaintiff is directed to raise this issue in the Washington County Circuit Court.

The Court notes that during the time Plaintiff alleges he was unlawfully incarcerated without a speedy jury trial, the COVID-19 global pandemic brought a halt to jury trials in Arkansas beginning on March 17, 2020.   The Arkansas Supreme Court entered a series of per curiam orders suspending all criminal jury trials that were not already in progress as of March 17, 2020, and it ordered that for criminal trials any delay for speedy-trial purposes shall be deemed to presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h).   *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 116 (per curiam); *In re Response to the COVID-19 Pandemic,* 2020 Ark. 249 (per curium); *In re Response to the COVID-19 Pandemic,* 2020 Ark. 384 (per curiam); *In re Response to the COVID-19 Pandemic*, 2021 Ark. 1 (per curiam); and, *In re Response to the COVID-19 Pandemic,* 2021 Ark. 30 (per curiam).   The Arkansas Supreme Court ended the suspension of jury trials as of May 1, 2021.   *In re Response to COVID-*

*19 Pandemic*, 2021 Ark. 72 (per curiam).

While it is entirely understandable that Plaintiff is frustrated by the delays in his criminal cases caused in large part by the COVID-19 pandemic, the COVID-19 Pandemic has caused enumerable delays in both state and federal court proceedings and caused disruption in virtually all aspects of life.

### D. Unlawful Detention

In Claim 1 Plaintiff alleges he has been wrongfully imprisoned.  In Claim 2 Plaintiff claims Defendants James Cantrel and Kelly Cantrel have "in cooperation with the prosecutor's office have kept the plaintiff in custody for two years without trial".  (ECF No. 12, pp. 6-7). Other than asserting his detention is unlawful and making broad sweeping statements as to the constitutional provisions or laws Plaintiff believes have been violated, the Complaint contains virtually no factual allegations.  Plaintiff does not allege that the arrest warrants were invalid. Instead, it appears his allegations relate to the difficulties during the Covid-19 pandemic.

An arrest pursuant to a facially valid warrant does not violate the Fourth Amendment. *Peterson v. City of Pine River*, 36 F. Supp. 3d 843, 853 (D. Minn. 2014).   The court set bail, but Plaintiff apparently did not have the funds to post bail and, therefore, has remained in the WCDC since March 31, 2021.   "The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*."   *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (emphasis in original) (citations omitted).   Plaintiff's false imprisonment claim fails as he is being detained pursuant to lawful process.

### E. Grievance Procedure at the WCDC

In Claim 3, Plaintiff claims the WCDC's "requests systems, grievance policies and procedures, customs and/or MODUS OPERANDI of the defendants to be arbitrary, unusual, unconstitutional…". (ECF No. 12, p. 8). The law is well settled that there is no constitutional right to a grievance procedure. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (inmate failed to state claim because no constitutional right was violated by defendants' failure to process all grievances submitted; prison grievance does not confer any substantive right upon inmates). Accordingly, Plaintiff's claims regarding the "arbitrary" grievance procedure should be dismissed for failure to state a claim.

### F. Miscellaneous References to Other Incidents

In Claim 3, Plaintiff states during "…nearly two years of wrongful imprisonment in the custody of the defendants during the time of the Corona Virus Pandemic…[he] endured solitary confinement, injury, being shot with a T.A.S.E. pistol and other unusual punishment…". (ECF No. 12, p. 8). However, Plaintiff does not indicate the date any of these incidents occurred, which Defendants were involved, or exactly how he believes these incidents violated his constitutional rights.

Plaintiff was given an opportunity to clearly state his claims after filing his original complaint. He was explicitly directed to write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. (ECF No. 8). Plaintiff was advised that he must

affirmatively link the conduct of each named Defendant with the specific injury he suffered.   He was further advised if he failed to do so, the allegations against that Defendant would be dismissed for failure to state a claim.   *Id.*

Although federal courts must view pro se pleadings liberally, such pleadings may not be merely conclusory.   The complaint must allege facts, which if true, state a claim as a matter of law.   *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).   Here, Plaintiff has failed to allege sufficient facts against any of the Defendants to state claims based on "solitary confinement, injury, being shot with a T.A.S.E. pistol and other unusual punishment…".   (ECF No. 12, p. 8). Accordingly, these claims must be dismissed.

### G. Official Capacity Claims / Washington County/ State of Arkansas

Plaintiff has failed to allege plausible official capacity claims against any of the Defendants.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  In this case, Plaintiff's official capacity claims against Defendants Tim Helder, James Cantrel, and Kelly Cantrel are treated as claims against Washington County.   Plaintiff's official claims against Defendants Fackler and Hatcher are treated as claims against the State of Arkansas.  *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817

(8th Cir. 2009) (citation omitted).  To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff fails to identify any custom, policy, or practice of Washington County which violated his constitutional rights.  Accordingly, Plaintiff's official capacity claims against Washington County should be dismissed.

Plaintiff's official capacity claims against the State of Arkansas must also be dismissed. States and state agencies are not persons subject to suit under § 1983.  *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)).  "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983."  *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

### IV.    CONCLUSION

For these reasons, it is recommended that:

(1) the Complaint be **DISMISSED WITHOUT PREJUDICE** as the claims asserted are frivolous, are against persons immune from suit, and fail to state claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915A;

(2) The dismissal of this case be found to constitute a strike pursuant to 28 U.S.C. § 1915(g) and the Clerk be directed to place a § 1915(g) strike flag on the case; and,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 9th day of July 2021.

/s/ *Christy Comstock*
_____
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

13